## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| **HYPERQUERY LLC,**<br>        **Plaintiff,**<br>                        **v.**<br><br>**SAMSUNG ELECTRONICS AMERICA INC.,**<br>        **Defendant.** | **Case No. 6:23-cv-00007**<br><br>**Patent Case**<br><br>**Jury Trial Demanded** |

### COMPLAINT FOR PATENT INFRINGEMENT

1.      HyperQuery LLC ("HyperQuery" or "Plaintiff") files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of U.S. Patent Nos. 9,529,918 ("the '918 patent"); and 9,639,611 ("the '611 patent") (referred to as the "Patents-in-Suit") by Samsung Electronics America, Inc. ("Defendant").

### PARTIES

2.      Plaintiff HyperQuery LLC is a corporation organized and existing under the laws of Delaware that maintains its principal place of business at 261 West 35th St, Suite 1003 New York, NY 10001.

3.      Defendant Samsung Electronics America, Inc. is a corporation organized and existing under the laws of New York that has a regular and established place of business in this judicial District, including at least at 12100 Samsung Blvd, Austin, Texas 78754. Defendant can be served with process through their registered agent, C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201, at its place of business, or wherever they may be found.

### JURISDICTION

1

4.      This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

5.      This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

7.      Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has an established place of business in this District. In addition, Defendant has committed acts of patent infringement in this District, and Plaintiff has suffered harm in this district.

## PATENTS-IN-SUIT

8.      Plaintiff is the assignee of all right, title and interest in United States Patent Nos. 9,529,918; and 9,639,611 (the "Patents-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patents-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patents-in-Suit by Defendant.

## THE '918 PATENT

9.      The '918 Patent is entitled "System and methods thereof for downloading applications via a communication network," and issued 2016-12-27. The application leading to the '918 Patent was filed on 2013-12-11. A true and correct copy of the '918 Patent is attached hereto as Exhibit A and incorporated herein by reference.

## THE '611 PATENT

2

10.     The '611 Patent is entitled "System and method for providing suitable web addresses to a user device," and issued 2017-05-02. The application leading to the '611 Patent was filed on 2014-08-26. A true and correct copy of the '611 Patent is attached hereto as Exhibit C and incorporated herein by reference.

#### COUNT 1: INFRINGEMENT OF THE '918 PATENT

11.     Plaintiff incorporates the above paragraphs herein by reference.

12.     **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '918 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '918 Patent also identified in the charts incorporated into this Count below (the "Exemplary '918 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '918 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

13.     Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '918 Patent Claims, by having its employees internally test and use these Exemplary Products.

14.     **Actual Knowledge of Infringement**. The service of this Complaint, in conjunction with the attached claim charts and references cited, constitutes actual knowledge of infringement as alleged here.

15.     Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '918 Patent. On

information and belief, Defendant has also continued to sell the Exemplary Defendant Products

and distribute product literature and website materials inducing end users and others to use its

products in the customary and intended manner that infringes the '918 Patent. See Exhibit B

(extensively referencing these materials to demonstrate how they direct end users to commit

patent infringement).

16.     **Induced Infringement**. At least since being served by this Complaint and

corresponding claim charts, Defendant has actively, knowingly, and intentionally continued to

induce infringement of the '918 Patent, literally or by the doctrine of equivalents, by selling

Exemplary Defendant Products to their customers for use in end-user products in a manner that

infringes one or more claims of the '918 Patent.

17.     Exhibit B includes charts comparing the Exemplary '918 Patent Claims to the

Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products

practice the technology claimed by the '918 Patent. Accordingly, the Exemplary Defendant

Products incorporated in these charts satisfy all elements of the Exemplary '918 Patent Claims.

18.     Plaintiff therefore incorporates by reference in its allegations herein the claim

charts of Exhibit B.

19.     Plaintiff is entitled to recover damages adequate to compensate for Defendant's

infringement.

### COUNT 2: INFRINGEMENT OF THE '611 PATENT

20.     Plaintiff incorporates the above paragraphs herein by reference.

21.     **Direct Infringement**. Defendant has been and continues to directly infringe one

or more claims of the '611 Patent in at least this District by making, using, offering to sell,

selling and/or importing, without limitation, at least the Defendant products identified in the

charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '611 Patent also identified in the charts incorporated into this Count below (the "Exemplary '611 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '611 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

22.     Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '611 Patent Claims, by having its employees internally test and use these Exemplary Products.

23.     **Actual Knowledge of Infringement**. The service of this Complaint, in conjunction with the attached claim charts and references cited, constitutes actual knowledge of infringement as alleged here.

24.     Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '611 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '611 Patent. See Exhibit D (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).

25.     **Induced Infringement**. At least since being served by this Complaint and corresponding claim charts, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '611 Patent, literally or by the doctrine of equivalents, by selling

Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '611 Patent.

26.     Exhibit D includes charts comparing the Exemplary '611 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '611 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '611 Patent Claims.

27.     Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit D.

28.     Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

## JURY DEMAND

29.     Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A.     A judgment that the '918 Patent is valid and enforceable

B.     A judgment that Defendant has infringed directly and indirectly one or more claims of the '918 Patent;

C.     A judgment that the '611 Patent is valid and enforceable

D.     A judgment that Defendant has infringed directly and indirectly one or more claims of the '611 Patent;

E.     An accounting of all damages not presented at trial;

F.      A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284

for Defendant's continuing or future infringement, up until the date such judgment

is entered with respect to the '918; and '611 Patents, including pre- or post-

judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284;

G.      And, if necessary, to adequately compensate Plaintiff for Defendant's

infringement, an accounting:

    i.      that this case be declared exceptional within the meaning of 35 U.S.C. § 285

and that Plaintiff be awarded its reasonable attorneys fees against Defendant

that it incurs in prosecuting this action;

    ii.     that Plaintiff be awarded costs, and expenses that it incurs in prosecuting

this action; and

    iii.    that Plaintiff be awarded such further relief at law or in equity as the Court

deems just and proper.

DATED: January 6, 2023                          Respectfully submitted,
                                                **Ramey LLP**

                                                */s/William P. Ramey, III*
                                                William P. Ramey, III
                                                Texas Bar No. 24027643
                                                wramey@rameyfirm.com

                                                Jeffrey E. Kubiak
                                                Texas Bar No. 24028470
                                                jkubiak@rameyfirm.com

                                                5020 Montrose Blvd., Suite 800
                                                Houston, Texas 77006
                                                (713) 426-3923 (telephone)
                                                (832) 900-4941 (fax)

                                                *Attorneys for HYPERQUERY **LLC***

7