**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **HYPERQUERY LLC,**<br>　　　**Plaintiff,**<br>　　　　v.<br>**SAMSUNG ELECTRONICS AMERICA INC.,**<br>　　　**Defendant.** | Case No. 6:23-cv-00007<br><br>Patent Case<br><br>Jury Trial Demanded |

**PLAINTIFF'S RESPONSE TO DEFENDANT SAMSUNG'S
MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)**

Plaintiff HyperQuery LLC ("HyperQuery" or "Plaintiff") files this Response to Defendant Samsung Electronics America, Inc. ("Samsung" or "Defendant") Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) ("Motion")[1] showing the Court that it should be denied.

### I.　　INTRODUCTION

HyperQuery filed its Complaint[2] alleging infringement by Defendant of the claims of U.S. Patent Nos. 9,529,918 ("the '918 patent") and 9,639,611 ("the '611 patent") (referred to as the "Patents-in-Suit") on January 6, 2023. Defendant filed its Motion to dismiss based on HyperQuery's infringement allegations allegedly not being plausible.

Defendant's Motion alleges the infringement allegations in the Complaint are fatally flawed because the two asserted patents are directed to a server in a network and not a user/mobile device.[3] Defendant argues that the claims of both Patents-in-Suit require "receiving" inputs and/or queries from "user devices," and thus cannot be directed to the user devices

---

[1] Doc. No. 12.
[2] Doc. No. 1.
[3] Doc. No. 12, page 5.

1

themselves.[4]  Defendant's analysis is flawed.

Defendant's device (Samsung Galaxy Z Fold3 5g or "user device") has a pre-installed app (Play Store App) that is implemented by a computing device (Google server).[5] This pre-installed app provides a method for causing at least one application to be downloaded via a communication network, including receiving, via the communication network, an input search query from the user device.  Contrary to the assertions made by Defendant, it is the computing device that receives an input from the user device, not the user device receiving an input. At least because Defendant's analysis is flawed, and Defendant relies on this analysis as the basis for its Motion, Defendant's Motion to Dismiss should be denied.

## II.   BACKGROUND

Defendant's Motion focuses on certain claim features of independent claim 1 of each of each of the Patents-in-Suit.  Claim 1 of the '918 Patent recites:

> A method, implemented by a computing device, for causing at least one application to be downloaded via a communication network, comprising:
> receiving, via the communication network, an input search query from a user device;
> determining the search intent based on the input search query;
> selecting, based on the search intent, at least one application from at least one applications central repository;
> causing an icon corresponding to the at least one selected application to be displayed on a display of the user device;
> receiving via the communication network an input from the user device indicating a particular one of the at least one selected application;
> causing establishment of a direct communication link between the user device and a location hosting the particular one of the at least one selected application in response to an input received from the user device; and
> causing initiation of a download of the particular one of the at least one selected application to the user device over the direct communication link.[6]

---

[4] *Id*.
[5] *See* claim charts at Doc. Nos. 1-2 and 1-4.
[6] Doc. No. 1-1; Column 9, line 56 to Column 10, line 10 (C9:56-C10:10).

Claim 1 of the '611 Patent recites:

> A method for providing a suitable web address to a user device, comprising:
> receiving a query from the user device;
> identifying at least one configuration parameter of the user device;
> determining a search intent based on the received query;
> selecting at least one information resource from a plurality of information resources to serve the search intent;
> identifying a web address for each of the at least one selected information resource; and
> modifying at least one identified web address to generate a suitable web address based on the identified web address, the search intent, and the at least one configuration parameter, wherein accessing the at least one information resource via the suitable web address allows optimal display of the information provided by the information resource on the user device.[7]

### III.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a complaint if the complaint "fail[s] to state a claim upon which relief can be granted." The question resolved on a motion to dismiss for a failure to state a claim is not whether the plaintiff will ultimately prevail, "but whether [the] complaint was sufficient to cross the federal courts threshold." *Skinner v Switzer*, 562 U.S. 521, 530, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). When considering a motion to dismiss under Rule 12(b)(6), a court "accept[s] all well-pleaded facts as true, and view [s] those facts in the light most favorable to the plaintiff." *Bustos v Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir.2010). (*See*, *Script Security Solutions, LLC v Amazon, Inc.*, 170 F. Supp.3d 928 (E.D. Tex. 2016).

"A motion to dismiss under rule 12(b)(6) is viewed with disfavor and is rarely granted" *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quoting *Kaiser*

---

[7] Doc. No. 1-3; C9:7-24.

3

*Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Panasonic Corp. v. Magna Int'l., Inc*., 6:21-ev-00319-ADA, 2022 U.S. Dist LEXIS 10040 (W.D. Tex. Jan 20, 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). A plaintiff is not required to provide evidence of infringement at the pleading stage beyond "stat[ing] a claim to relief that is plausible on its face." *Id*. "Courts will not dismiss a claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that it could prove consistent with the allegations in the complaint." *Id*. (quoting *Slyce Acquisition, Inc. v. Syte- Visual Conception, Ltd*., 422 F. Supp. 3d 1191, 1198 (W.D. Tex. 2019)). Based upon the assumption that all the allegations in the complaint are true, the factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When the nonmoving party pleads factual content that allows the court to reasonably infer that the movant is liable for the alleged misconduct, then the claim is plausible on its face. *Iqbal*, 556 U.S. at 678.

The plausibility standard "does not give district courts license to look behind [a complaint] allegations and independently assess the likelihood that the plaintiff will be able to prove them at trial." *Harold H. Huggins Realty, Inc. v. FNC, Inc*., 634 F.3d 787, 803 n. 44 (5th Cir.2011)). Under Federal Rules of Civil Procedure 8(a)(2), a plaintiff is generally required to provide "only a plausible short and plain statement of the plaintiff's claim, not an exposition of [the plaintiff's] legal argument." *Skinner*, 562 U.S. at 530, 131 S.Ct. 1289. The pleading standard and the federal rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss*., 135 S.Ct. 346, 346,

4

190 L.Ed.2d 309 (2014) (citing 5 C. Wright & A. Miller, 1215, p. 172 (3d ed. 2002)) (Rule 8(a)(2)) "indicates that a basic objective of the rules is to avoid civil cases turning on technicalities")). *Script Sec. Solutions. L.L.C. v. Amazon.com. Inc.*, 170 F. Supp. 3d at 936.

To state a claim for patent infringement under 35 U.S.C. § 271, a plaintiff need only give the defendant "fair notice" of the infringement claim and "the grounds upon which it rests." *Disc Disease Sols. Inc. v. VGH Sols., Inc*., 888 F.3d 1256, 1260 (Fed. Cir. 2018). "Fair notice," in turn, requires the plaintiff to plausibly allege that the accused products meet "each and every element of at least one claim" of the asserted patent. *Disc Disease*, 888 F.3d at 1260 *Qwikcash, LLC v. Blackhawk Network Holdings, Inc*., No. 4:19-CV-876-SDJ, 2020 U.S. Dist. LEXIS, at *7 (E.D. Tex. Nov. 17, 2020) (*See also*, *Hunton Energy Holdings, LLC v. HL Seawater Holdings, LLC*, 539 F. Supp. 3d 685, 694 (S.D. Tex. 2021) ("defendant has fair notice of a direct infringement claim if the complaint specifically identifies the allegedly infringing product and the patent the product infringes").

## IV.   SAMSUNG DIRECTLY INFRINGES

Contrary to Defendant's assertions, HyperQuery has plausibly plead direct infringement.

Defendant argues that "[no] 'user device,' including Samsung smartphones, can plausibly infringe Claim 1 of the '918 Patent, because the claim recites steps that are performed by a 'computing device,' such as a server, using input *from* a user device."[8] Defendant focuses on the claim feature "receiving, via the communication network, an input search query from a user device."[9] Defendant argues that the recited "user device" cannot receive an "input" from itself, and certainly not via the communication network.[10] Defendant goes on to assert that HyperQuery

---

[8] Doc. No. 12, page 10.
[9] *Id*. at page 11.
[10] *Id*. at page 12.

fails to identify any Defendant product that performs the "receiving" steps.[11] Defendant's analysis is incorrect.

As shown by the claim charts attached to the Complaint, Defendant's device (Samsung Galaxy Z Fold3 5g or "user device") has a pre-installed app (Google Play Store) that is implemented by a computing device (Google server).[12]


[13]

This pre-installed app (Google Play Store) provides a method, implemented by a computing device (Google Server), for causing at least one application to be downloaded via a communication network.

---

[11] *Id*.
[12] *See* claim charts at Doc. Nos. 1-2 and 1-4.
[13] Doc. No. 1-2, page 1.

| Evidence of Infringement |
|---|
| Google server stores applications that are displayed on the Play Store. When user provides any search query related to any app on the Play store from his device via the internet connection such as Wi-Fi or mobile data, a communication link between the Google server and user's device is created to provide the app from Google server to the user's device. After the application is displayed on the user's device, the user can click on the install button (causing initiation of a download of the particular one of the at least one selected application) displayed on the device to initiate the download of the application via the internet connection. |

[14]

Accordingly, it is the Google server receiving an input from the user device (Samsung Galaxy Z Fold3 5g) via the communication network, not the Samsung Galaxy Z Fold3 5g receiving an input via the communication network.

Contrary to the assertions made by Defendant, the claim charts show that it is the computing device (Google server) that receives an input from the user device, not the user device receiving an input. At least because Defendant's analysis is flawed, and Defendant relies on this analysis as the basis for its Motion, Defendant's Motion to Dismiss should be denied.

Defendant further argues that it is Google, rather than the Defendant, that allegedly performs certain claim features (Doc. No. 12, pages 12-13). However, Google Play Store is pre-installed on Defendant's device and it is noted that Defendant does not deny that it has used or is using its accused device.

Finally, Defendant argues that applicant of the asserted '918 Patent admitted during prosecution that the asserted claims are "directed to a server in a network," not a "user/mobile device."[15] However, this statement was taken out of context. Applicant was distinguishing its claims from U.S. Patent Publication No. 2007/0082707 to Flynt et al ("Flynt").[16] The Flynt publication is directed to an improved user interface for mobile devices.[17] Data and services

---

[14] For example, doc. No. 1-2, page 11.
[15] Doc. No. 12, page 14.
[16] Exhibit A (U.S. Patent Publication No. 2007/0082707).
[17] *Id*. at Abstract.

available through the mobile device can be represented as a set of tiles maintained in a display space.[18] Applicant argued that Flynt teaches the ability to launch, i.e., cause the running of applications via tile manipulation, but not the downloading of an application.[19] Applicant's statement that Flynt is directed to a user/mobile device and by contrast that Applicants' invention is directed to a server in a network has to do with the fact that Flynt is directed to the tile interface of a mobile device whereas Applicants' invention utilized a server in the network. By distinguishing Flynt, Applicant was not requiring excluding mobile devices from its invention. Applicant was merely pointing out that Flynt was not directed to the use of a server in the network.

With regard to the '611 Patent, Defendant's relies on the same flawed analysis.

Based upon the assumption that all the allegations in the complaint are true, the factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When the nonmoving party pleads factual content that allows the court to reasonably infer that the movant is liable for the alleged misconduct, then the claim is plausible on its face. *Iqbal*, 556 U.S. at 678. Here, HyperQuery has shown how Defendant has infringed every element of certain claims of the Patent-in-Suit and has shown that Defendant's arguments are flawed.

Defendant's Motion to Dismiss should be denied.

### V. SAMSUNG INDIRCTLY INFRINGES

Defendant argues that the indirect infringement claims must be dismissed because direct infringement has not been plausibly alleged. However, as discussed above, Defendant's

---

[18] *Id*.
[19] Doc. No. 12-1, page 9.

8

analysis is flawed and HyperQuery has plausibly alleged direct infringement.

In the Complaint, HyperQuery asserts Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the Patents-in-Suit.[20] Defendant has been put on notice of the Complaint alleging indirect infringement.

## VI. REQUEST TO FILE AN AMENDED COMPLAINT

While HyperQuery believes that it has provided the Court with an adequate basis to deny Defendant's Motion. In the event that the Court grants relief to Defendant in any form, HyperQuery respectfully requests leave to file an amended complaint.

## VII. CONCLUSION

For the foregoing reasons, HyperQuery respectfully requests that the Court deny Defendant's Motion.

DATED: March 31, 2023

Respectfully submitted,
**Ramey LLP**

*/s/William P. Ramey, III*
William P. Ramey, III
Texas Bar No. 24027643
wramey@rameyfirm.com
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)

*Attorneys for HYPERQUERY LLC*

---

[20] Doc. No. 1, paragraphs 15, 16, 24 and 25.