IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| HYPERQUERY LLC,<br><br>   Plaintiff,<br><br> v.<br><br>SAMSUNG ELECTRONICS AMERICA INC.,<br><br>   Defendant. | Case No. 6:23-cv-00007-RP |

**DEFENDANT SAMSUNG'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS UNDER FED R. CIV. P. 12(b)(6)**

## TABLE OF CONTENTS

| | Page |
|---|---:|
| I. INTRODUCTION | 1 |
| II. HYPERQUERY'S DIRECT INFRINGEMENT ALLEGATIONS MUST BE DISMISSED | 2 |
|    A. HyperQuery's Response Confirms That Samsung Products Cannot Perform The Asserted Method Claims | 2 |
|    B. HyperQuery Does Not Rebut The Prosecution History Disclaimer | 4 |
|    C. HyperQuery's Cited Authority Supports Dismissal Of The Complaint | 5 |
| III. HYPERQUERY'S INDIRECT INFRINGEMENT CLAIMS MUST BE DISMISSED | 6 |
| IV. HYPERQUERY'S COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE BECAUSE ANY AMENDMENT WOULD BE FUTILE | 8 |
| V. CONCLUSION | 9 |

# TABLE OF AUTHORITIES

**Cases** Page(s)

*AMG Prods., Inc. v. Dirt Cheap, LLC*,
　No. 6:18-CV-00267-JDK, 2019 WL 2484260 (E.D. Tex. Mar. 12, 2019)..................7

*AMG Prods., Inc. v. Fry's Elecs.*,
　No. 6:18-CV-00267-JDK-JDL, 2019 WL 1578053 (E.D. Tex. Apr. 11, 2019)........8

*Bowmar Archery LLC v. VIP Veteran Innovative Prods. LLC*,
　No. 1:22-CV-00346-RP, 2023 WL 28438 (W.D. Tex. Jan. 3, 2023) ........................8

*De La Vega v. Microsoft Corp.*,
　No. W-19-CV-00612-ADA, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020)....................4, 5, 6

*Disc Disease Sols. Inc. v. VGH Sols., Inc.*,
　888 F.3d 1256 (Fed. Cir. 2018)..................................................................................6

*Hunton Energy Holdings, LLC v. HL Seawater Holdings, LLC*,
　539 F. Supp. 3d 685 (S.D. Tex. 2021) .......................................................................6

*Iron Oak Techs., LLC v. Acer Am. Corp.*,
　No. 6:17-CV-00143-RP-JCM, 2017 WL 9477677 (W.D. Tex. Nov. 28, 2017) ........8

*Joao Control & Monitoring Sys., LLC v. Protect Am., Inc.*,
　No. 1:14-cv-00134-LY, 2015 WL 3513151 (W.D. Tex. Mar. 24, 2015) ..................7

*LS Cloud Storage Techs., LLC v. Amazon, Inc.*,
　No. 1:22-CV-1167-RP, 2023 WL 2290291 (W.D. Tex. Feb. 27, 2023) ...................2

*Lyda v. CBS Corp.*,
　838 F.3d 1331 (Fed. Cir. 2016)..................................................................................4

*Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*,
　751 F.3d 368 (5th Cir. 2014) .....................................................................................8

*Panasonic Corp. v. Magna Int'l, Inc.*,
　No. 6:21-CV-00319-ADA, 2022 WL 174513 (W.D. Tex. Jan. 19, 2022) ................6

*Qwikcash, LLC v. Blackhawk Network Holdings, Inc.*,
　No. 4:19-CV-876-SDJ, 2020 WL 6781566 (E.D. Tex. Nov. 17, 2020) ................6, 7

*Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*,
　170 F. Supp. 3d 928 (E.D. Tex. 2016).......................................................................6

*Slyce Acquisition Inc. v. Syte - Visual Conception Ltd.*,
　422 F. Supp. 3d 1191 (W.D. Tex. 2019)....................................................................6

*Vervain, LLC v. Micron Tech., Inc.*,
  No. 6:21-CV-00487-ADA, 2022 WL 23469 (W.D. Tex. Jan. 3, 2022) ....................................3

Defendant Samsung Electronics America Inc. ("Samsung" or "Defendant") respectfully submits this Reply to HyperQuery's Response ("Response," Dkt. 16) to Defendant's Motion to Dismiss HyperQuery LLC's ("HyperQuery" or "Plaintiff") Complaint ("Complaint," Dkt. 1) pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion," Dkt. 12).

I. **INTRODUCTION**

HyperQuery admits that "it is the ***Google server*** receiving an input from the user device … ***not the Samsung Galaxy Z Fold3 5g*** receiving an input via the communication network." Dkt. 16, at 7 (emphasis added). Lest there be any doubt, on ***four*** separate occasions HyperQuery further admits that under the Complaint's allegations, the claimed "computing device" is satisfied by a "Google server," ***not any Samsung product***. *Id.*, at 6-7 ("the claim charts show that it is the ***computing device*** (***Google server***) that receives an input from the user device") (emphasis added). This is precisely what Samsung argued in its Motion—that the Complaint fails to plausibly allege direct infringement by any ***Samsung*** product. *See* Dkt. 12 at 6-13. HyperQuery's Complaint must be dismissed because it has not alleged, and cannot allege, that any Samsung product performs every step of even one claim.

The indirect infringement claims fare no better because HyperQuery's Response confirms that the underlying direct infringement alleged in the Complaint is "use [of the Samsung] products" by "end users and others." Dkt. 16 at 9. But the accused Samsung smartphones cannot perform the asserted method claims, meaning that end users cannot be the underlying direct infringers. Without such underlying infringement, there can be no inducement, and HyperQuery's indirect infringement claims must be dismissed as well.

HyperQuery has now acknowledged that it pled itself out of any direct or indirect infringement claims against Samsung, and because any attempted amendment would be futile, the Complaint should be dismissed with prejudice.

1

## II. HYPERQUERY'S DIRECT INFRINGEMENT ALLEGATIONS MUST BE DISMISSED

### A. HyperQuery's Response Confirms That Samsung Products Cannot Perform the Asserted Method Claims

Rather than demonstrating the plausibility of the Complaint's direct infringement allegations for the accused Samsung smartphones,[1] HyperQuery instead admits that the "computing device" required in Claim 1 of the '918 Patent is a "**Google** server." Dkt. 16 at 2 (emphasis added); *see also id.* at 6 ("This pre-installed app (Google Play Store) provides a method, implemented by a computing device (Google Server) …"). To be sure, HyperQuery further explains that the method steps of both patents are allegedly performed by a Google server, rather than any Samsung device. *Id*. at 7 ("Accordingly, ***it is the Google server receiving an input from the user device*** (Samsung Galaxy Z Fold3 5g) via the communication network, ***not the Samsung Galaxy Z Fold3 5g receiving an input*** via the communication network.") (emphasis added).[2]

In doing so, the Response verifies the bases of Defendant's Motion: the asserted claims cannot be performed by the accused Samsung smartphones, and are instead directed to a third-party server. Dkt. 12 at 6-13. Because HyperQuery admits that no Samsung product can perform every step of even one asserted claim, the Complaint must be dismissed. *See LS Cloud Storage Techs., LLC v. Amazon, Inc.*, No. 1:22-CV-1167-RP, 2023 WL 2290291, at *4 (W.D. Tex. Feb. 27, 2023) (dismissing complaint where "Plaintiff only alleges that the appliance infringes part of the process" and fails to identify "what purportedly infringes" other limitations of the claim);

---

[1] As explained in the Motion, the Complaint alleges infringement by "at least the Defendant products identified in the charts incorporated into this Count below (among the 'Exemplary Defendant Products')" (Dkt. 1, ¶¶ 12, 21), but the charts accompanying the Complaint refer only to "Samsung smartphones (such [sic] Samsung Galaxy Z Fold3 5g)," and the Samsung Galaxy Z Fold 3 5G is the only specific product identified. *See* Dkt. 1-2 at 1; Dkt. 1-4 at 1.

[2] Claim 1 of the '611 Patent also requires "receiving a query from the user device" (Dkt. 1-3, 9:6-9), and HyperQuery cannot dispute that its admission that the component receiving such input from the user device is a "Google server" applies equally to the asserted claims of the '611 Patent.

*Vervain, LLC v. Micron Tech., Inc.*, No. 6:21-CV-00487-ADA, 2022 WL 23469, at *5 (W.D. Tex. Jan. 3, 2022) ("The Court holds that the Complaint has not sufficiently pleaded infringement of the '298, '385, and '240 patents' claims, having failed to plausibly allege infringement of the hot blocks limitations.").[3]

HyperQuery also argues that Samsung smartphones have "a pre-installed app (Google Play Store)," but that is a red herring and does not save the Complaint. Dkt. 16 at 6. In fact, to the extent that this app relates to the claims, HyperQuery acknowledges that the claimed method steps are actually "***implemented by a computing device*** (Google Server)," not by Samsung smartphones. *Id.* at 7.[4] In other words, HyperQuery only further confirms that the claimed method steps are directed to a third-party server (such as Google), and cannot be performed by Samsung smartphones. Because there is no dispute that Samsung and Google are separate entities, and there is no plausible allegation that Samsung operates or controls Google servers, the Complaint is fatally deficient.

Finally, HyperQuery argues that the "Google Play Store is preinstalled on Defendant's device and it is noted that Defendant does not deny that ***it has used or is using*** its accused devices." Dkt. 16 at 7 (emphasis added). This argument is misplaced for the same reasons discussed above. First, HyperQuery agrees that a third-party server, and not a Samsung smartphone or applications installed on it, is what allegedly performs the claimed method steps. Second, to the extent that

---

[3] The Response focuses on the '918 Patent, and for the '611 Patent only argues that "Defendant's [sic] relies on the same flawed analysis." Dkt. 16, at 8. But as discussed above, HyperQuery's admission that a third-party server receives inputs from a user device and performs the claimed steps applies equally to both.

[4] Separate and apart from the "receiving" limitations of both Asserted Patents, Defendant's Motion also argued that that HyperQuery had not pled facts sufficient to allege that the accused Samsung smartphones meet the "selecting" and "determining" limitations of Claim 1 of the '918 Patent and the "selecting" and "modifying" limitations of Claim 1 of the '611 Patent. Dkt. 13, at 9 and 11-12. Plaintiff's Response does not address these limitations.

HyperQuery is arguing that Samsung infringes by using or testing its own devices, such argument fails for the same reason. HyperQuery acknowledges that the Complaint alleges that method steps are performed by a third-party server, meaning that every step cannot be performed by Samsung when it uses or tests its products.[5] *See De La Vega v. Microsoft Corp.*, No. W-19-CV-00612-ADA, 2020 WL 3528411, at *4-5, n.7 (W.D. Tex. Feb. 11, 2020) (dismissing direct infringement allegations because "Plaintiff has not articulated any basis that would establish that either Google or Microsoft performed all of the elements of the claim when it tested the accused products."); *see also* Dkt. 12 at n.6.

Because there is now no dispute that Samsung cannot perform all of the method steps of the asserted claims, HyperQuery's direct infringement allegations must be dismissed.

### B. HyperQuery Does Not Rebut the Prosecution History Disclaimer

As an initial matter, the Complaint should be dismissed regardless of the prosecution history disclaimer because, as explained above, HyperQuery admits that at least some steps of the asserted method claims are allegedly performed by a third-party server, not Samsung. *See* § II.A, *supra*; Dkt. 16 at 5-7. Accordingly, regardless of how the claims may be construed or whether prosecution history disclaimer applies, HyperQuery does not plausibly allege infringement.

In any event, HyperQuery is incorrect regarding the prosecution history. As discussed in

---

[5] Although it is not articulated, to the extent that HyperQuery's theory is that some steps of the asserted method claims are performed by Google, while others are performed by the accused Samsung smartphones, that too would fail at least because HyperQuery has not pled joint or divided infringement, nor could it plausibly do so. *See De La Vega*, 2020 WL 3528411, at *4 ("Because claim 1 on its face plainly requires at least multiple actors—a fact which Plaintiff recognizes … Defendants are correct that this is a case of joint infringement."). Any attempted amendment to add such allegations would fail because it cannot be disputed that Samsung does not operate or control Google or its servers. *See Lyda v. CBS Corp.*, 838 F.3d 1331, 1339 (Fed. Cir. 2016) ("A claim of joint infringement … requires pleading facts sufficient to allow a reasonable inference that all steps of the claimed method are performed and either (1) one party exercises the requisite 'direction or control' over the others' performance or (2) the actors form a joint enterprise such that performance of every step is attributable to the controlling party.").

4

the Motion, during prosecution of the '918 Patent, asserted claim 1 was rejected in view of Flynt, which was "directed to a user/mobile device." Dkt. 12 at 4 (citing Dkt. 12-1 (May 12, 2016, Applicant Arguments in Response to Non-Final Rejection), at 7). To traverse the rejection, the applicant unequivocally disclaimed application of the claims to a mobile device:

> Flynt is directed ***to a user/mobile device***. That can be seen throughout the Flynt disclosure, as indicated by the its [sic] title 'Tile Space User Interface for Mobile Devices.' **By contrast, Applicant's invention as claimed is directed to a server in the network**. Thus, Flynt does not teach the steps of Applicant's amended claim 1 for which the Office Action cites it.

*Id*. (emphasis added).

In its Response, HyperQuery argues that "this statement was taken out of context" because Flynt was directed to "the running of applications via tile manipulation, but not the downloading of an application." Dkt. 16 at 7-8 (citing Dkt. 12-1, at 9). HyperQuery's citation, however, refers to a different part of the applicant's argument, which was an additional and independent attempt to distinguish Flynt. *See* Dkt. 12-1 at 8 ("The Office Action ***also*** appears to confuse Flynt's ability to launch, *i.e.* cause the running of, applications via tile manipulation and the downloading of an application.") (emphasis added). HyperQuery never addresses, let alone rebuts, the clear prosecution disclaimer of a "user/mobile device." And contrary to HyperQuery's argument that "Applicant was merely pointing out that Flynt was not directed to the use of a server in the network" (Dkt. 16 at 8), the excerpt above plainly shows that the applicant was defining its own alleged invention as "***directed to a server in the network***," not merely describing the prior art. Indeed, HyperQuery's repeated admissions that the claimed "computing device" ***is a server*** are entirely consistent with this prosecution history.

### C. HyperQuery's Cited Authority Supports Dismissal of the Complaint

The cases cited in the Response support Samsung's Motion, not HyperQuery's arguments,

and further show why dismissal of the Complaint is warranted.[6] *See generally* Dkt. 16, at 3-5.

First, in *Qwikcash* the plaintiff's direct (and indirect) infringement allegations ***were dismissed*** for the same reasons put forward in this Motion—the complaint failed to plausibly allege that defendant's product performed a required claim step. *See Qwikcash, LLC v. Blackhawk Network Holdings, Inc.*, No. 4:19-CV-876-SDJ, 2020 WL 6781566, at *4 (E.D. Tex. Nov. 17, 2020) (dismissing direct infringement allegations because "[t]he incoherence of Qwikcash's allegations is further demonstrated by its failure to provide a plausible allegation that Blackhawk's system performs at least the initial PIN-creation procedure in claim 17."). Next, *Disc Disease*, *Hunton Energy*, and *Panasonic* are inapposite, because in each case the court found that the complaint plausibly alleged that "each and every element of at least one claim" was met by the defendant's products. *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018); *Hunton Energy Holdings, LLC v. HL Seawater Holdings, LLC*, 539 F. Supp. 3d 685, 695 (S.D. Tex. 2021) (complaint "alleges that the El Paso Plant infringes on all claims of the '351 Patent"); *Panasonic Corp. v. Magna Int'l, Inc.*, No. 6:21-CV-00319-ADA, 2022 WL 174513, at *2 (W.D. Tex. Jan. 19, 2022) (similar). By contrast, HyperQuery's Complaint does not allege that the accused Samsung smartphones practice "each and every element" of any asserted claim.[7]

## III. HYPERQUERY'S INDIRECT INFRINGEMENT CLAIMS MUST BE DISMISSED

HyperQuery argues that its indirect infringement allegations should not be dismissed

---

[6] HyperQuery only cites cases in the Legal Standard section of its Response (Dkt. 16, at 3-5), and other than a general citation to *Iqbal* and *Twombly* (*id.* at 8), does not apply any authority in making any of its arguments.

[7] HyperQuery's remaining cases addressed different issues: *Slyce Acquisition* involved personal jurisdiction and a 35 U.S.C. § 101 patent ineligible subject matter challenge, and *Script Security* involved a venue challenge and induced infringement allegations that turned on willful blindness, which has not been alleged in this case. *Slyce Acquisition Inc. v. Syte - Visual Conception Ltd.*, 422 F. Supp. 3d 1191, 1206 (W.D. Tex. 2019); *Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 935-38 (E.D. Tex. 2016).

because "HyperQuery has plausibly alleged direct infringement." Dkt. 16, at 8-9. But for the reasons articulated above, HyperQuery's direct infringement allegations lack any plausibility. The Response does not even address the issue of underlying direct infringement by an entity other than Samsung (which is required for claims of indirect infringement), and as explained above, the accused Samsung smartphones cannot infringe the asserted claims, whether operated by Samsung or by end users. The Complaint's failure to plausibly allege that any Samsung device can infringe alone warrants dismissal of the indirect infringement allegations. *See Joao Control & Monitoring Sys., LLC v. Protect Am., Inc.*, No. 1:14-cv-00134-LY, 2015 WL 3513151, at *3 (W.D. Tex. Mar. 24, 2015) ("[T]here can be no inducement or contributory infringement without an underlying act of direct infringement."); *Qwikcash*, 2020 WL 6781566, at *5 ("Where a plaintiff has not adequately pleaded an underlying act of direct infringement, theories of indirect infringement must be dismissed.").

Moreover, the Response did not even address, let alone rebut, the other indirect infringement deficiencies, including that the Complaint does not plausibly allege that Samsung intended for its customers to infringe the Asserted Patents.[8] Dkt. 12 at 14-16. As explained in the Motion, the only Samsung materials cited in the Complaint are two generic webpages that simply indicate that certain Google applications come pre-installed on the accused Samsung smartphones. *See* Dkt. 12 at 15. The remainder of the evidence cited in the Complaint is **Google** material, which cannot support allegations that **Samsung** has the requisite specific intent to encourage infringement. *See AMG Prods., Inc. v. Dirt Cheap, LLC*, No. 6:18-CV-00267-JDK, 2019 WL 2484260, at *3-4 (E.D. Tex. Mar. 12, 2019) (dismissing induced infringement

---

[8] To be clear, the Complaint also does not allege that Samsung is inducing Google to operate its servers in an infringing manner. Furthermore, the Complaint is devoid of any allegations that Samsung's customers directly infringe. Neither of these issues are even addressed in the Response.

allegations against Dirt Cheap where the complaint alleged inducement by citation to pre-packaged product instructions provided by third parties), report and recommendation adopted *sub nom. AMG Prods., Inc. v. Fry's Elecs.*, No. 6:18-CV-00267-JDK-JDL, 2019 WL 1578053 (E.D. Tex. Apr. 11, 2019).

Furthermore, generic webpage citations and the barebones recitation of the elements for inducement are insufficient to sustain such a claim over a motion to dismiss. *See Iron Oak Techs., LLC v. Acer Am. Corp.*, No. 6:17-CV-00143-RP-JCM, 2017 WL 9477677, at *5 (W.D. Tex. Nov. 28, 2017) (dismissing induced infringement claims, despite plaintiff's citation to "instructive pop-up window detailing how to update the device's operating software," because plaintiff's allegations "do not allege sufficient facts to support a plausible inference that Acer had the specific intent to induce its customers to infringe on either patent.").

Accordingly, HyperQuery's indirect infringement allegations must also be dismissed.

## IV. HYPERQUERY'S COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE BECAUSE ANY AMENDMENT WOULD BE FUTILE

The Complaint should be dismissed with prejudice, and HyperQuery's conditional request for leave to amend should be denied. The Response confirms that HyperQuery's infringement allegations are directed to a ***third-party*** server allegedly performing at least certain steps of the asserted claims, and HyperQuery has not articulated any proposed amendment that could cure that fatal defect in its Complaint. *See Bowmar Archery LLC v. VIP Veteran Innovative Prods. LLC*, No. 1:22-CV-00346-RP, 2023 WL 28438, at *4 (W.D. Tex. Jan. 3, 2023) (report and recommendation adopted, Dkt. 27 (W.D. Tex. January 18, 2023)) (denying leave to amend where plaintiff did not "describe[] any additional facts it would plead to cure the defects in its Complaint"); *see also Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) ("An amendment is futile if it would fail to survive a Rule 12(b)(6) motion.")).

Any attempt to amend would be futile because in its Response HyperQuery acknowledges that its allegations require functionalities supplied by Google, not by Samsung.

## V. CONCLUSION

For the reasons articulated in Defendant's Motion and this Reply, HyperQuery's Complaint should be dismissed with prejudice.

Dated: April 7, 2023

Respectfully submitted,

*/s/ Shaun W. Hassett*
Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Shaun W. Hassett
State Bar No. 24074372
shaunhassett@potterminton.com
POTTER MINTON, P.C.
102 N. College Ave., Suite 900
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

*Attorneys for Samsung Electronics America Inc.*